UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRANCE HOOD, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CAUSE NO.  3:05-CV-460 RM |
| ) | |
| WILLIAM K. WILSON, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Plaintiff Terrance Hood is a prisoner confined at the Indiana State Prison who has submitted a complaint to this court dealing with his diet at the prison. This case is before the court on his motion for a preliminary injunction, which the court treats as a motion for a temporary restraining order because Mr. Hood seeks an *ex parte* order and the defendants have not yet been served with process.

In general, the purpose of a temporary restraining order is to preserve the *status quo* for a brief period, usually not more than ten days, until a hearing can be held on a request for a preliminary injunction. *See* 7 Pt. 2 Moore's Federal Practice and Procedure, ¶ 65.05 (1989); C. Wright & A. Miller, Federal Practice and Procedure § 2951, at 498. "The essence of a temporary restraining order is its brevity, its ex parte character, and (related to the second element) its informality." Geneva Assur. v. Medical Emergency Services, 964 F.2d 599, 600 (7th Cir. 1992). "*Ex parte* temporary restraining orders are no doubt necessary in certain circumstances . . . but under federal law they should be restricted to serving their underlying purpose of preserving the *status quo* and preventing irreparable harm

just so long as is necessary to hold a hearing, and no longer." <u>Granny Goose Foods, Inc. v. Brotherhood of Teamsters, etc.</u>, 415 U.S. 442, 439 (1974)

Under Fed. R. Civ. P. 65(b), a temporary restraining order or TRO may be granted "without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."

Mr. Hood has not made the requisite showing by affidavit "that immediate and irreparable injury will result before the adverse party can be heard in opposition." Moreover, he asks the court to intervene in the operation of the Indiana State Prison, but federal courts must defer to correctional professionals on questions of the best way to run a prison, in the absence of an "exaggerated response." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 349 n. 14 (1981); <u>Bell v. Wolfish</u>, 441 U.S. 520, 547 (1979). Given the deference owed to prison officials in operating prisons and the lack of demonstrated harm to the plaintiff, this court declines to intervene in the operation of the Indiana State Prison by granting Mr. Hood's request for a temporary restraining order.

For the foregoing reasons, the court DENIES the plaintiff's motion for a temporary restraining order (docket #3).

SO ORDERED.

ENTERED: August 19 , 2005

          /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court