UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRANCE HOOD,               )<br>                                             )<br>     Plaintiff                      )<br>                                             )<br>     vs.                             )     CAUSE NO. 3:05-CV-460 RM<br>                                             )<br>WILLIAM K. WILSON, *et al.*,  )<br>                                             )<br>     Defendants                )  | |

OPINION AND ORDER

Terrance Hood, a prisoner confined at the Indiana State Prison, submitted a complaint under 42 U.S.C. § 1983 alleging that a medical doctor prescribed him a diet free of dairy products because he is lactose intolerant. Mr. Hood presented several claims in his complaint, including allegations that Assistant Superintendent William Wilson and Dr. Mitcheff discontinued his non-dairy diet because he was noncompliant. The court dismissed the complaint pursuant to 28 U.S.C. § 1915A(1). Mr. Hood has filed a motion to reconsider the dismissal of his claims against defendants Wilson and Mitcheff.

According to his complaint, Mr. Hood ordered food from commissary containing dairy products. On May 10, 2005, Mr. Wilson wrote to Mr. Hood stating that he was noncompliant with his non-dairy diet and that "when you decide to take your own health issues seriously, please advise this writer and I will insure that we are taking every measure to meet your dietary needs." (Exhibit 8). Mr. Hood also alleges that Dr. Mitcheff took him off his prescribed diet for non-compliance because he had been skipping meals on the diet line.

Mr. Hood does not assert in his complaint that he did not skip meals on the diet line, though in his motion to reconsider he asserts that he never skipped more than seven meals

a week. Mr. Hood also does not dispute that he ordered food items containing dairy products from the commissary; rather he asserts that he has a right to both dairy products from commissary and his prescribed non-dairy diet. In his complaint, Mr. Hood states that Mr. Wilson had "no right to offer him a choice to order commissary or have his serious medical needs denied." (Complaint at p. 7).

The court concluded that when a prisoner ignores a prescribed lactose-free diet by skipping meals on the diet line and then ordering dairy products from commissary to eat in his cell, it is he who is being deliberately indifferent to his serious medical needs. *See* Martin v. DeBruyn, 880 F.Supp. 610, 615 (N.D. Ind. 1995) ("If the inmate can afford [over-the-counter] medicine but chooses to apply his resources elsewhere, it is the inmate, and not the prison official, who is indifferent to serious medical needs.").

In his motion to reconsider, Mr. Hood argues that prison rules didn't explicitly provide that officials could remove a prisoner from a diet if he ordered items from the commissary that the diet was designed to avoid, or provide that they could determine him to be non-compliant if he skipped fewer than seven meals a week.

Mr. Hood asserts that the defendants didn't follow prison policy when they took him off his prescribed diet. But to state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, West v. Atkins, 487 U.S. 42 (1988); violations of state law or prison procedures state no claim upon which relief can be granted.

Mr. Hood also asks the court to order the defendants to reinstate his diet because they didn't comply with prison policy when they removed him from it. The Eleventh Amendment precludes this court from entertaining a request that it require state officials

2

to conform their conduct to a particular departmental policy. A federal court lacks jurisdiction to enjoin state officials to follow state law. "A federal court's grant of relief against state officials on the basis of state law, . . . does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment." Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 106 (1984).

Because Mr. Hood's motion to reconsider does not provide valid reasons to reinstate his complaint, the court DENIES his motion to reconsider the dismissal of his complaint (docket #16).

SO ORDERED.

ENTERED: August  28 , 2006


　　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　United States District

3